**The court incorporates by reference in this paragraph and adopts as the findings and orders
of this court the document set forth below. This document has been entered electronically
in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 10 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-32744 |
| | ) | |
| Bryan Lee Hale and | ) | Chapter 7 |
| Mende Ann Hale, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This case is before the court on the United States Trustee's motion to dismiss for abuse brought under 11 U.S.C. § 707(b)(2) and (b)(3) [Doc. # 24] and Debtors' response [Doc. # 29]. A hearing was held that Debtors' counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties had the opportunity to present testimony and other evidence in support of their positions.

The court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. *See* 28 U.S.C. § 157(a) and (b)(1). Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(A). Having considered the briefs and the arguments of counsel as well the evidence offered by the parties, for the reasons that follow, the court will grant the UST's motion and will dismiss Debtors' Chapter 7 case unless they timely convert to a case under Chapter 13.

### BACKGROUND

Debtors are married and have one six-year-old son. [Doc. #1, Schedule I]. On June 27, 2007, they filed a joint petition for relief under Chapter 7 of the Bankruptcy Code, listing primarily consumer debts.

On their bankruptcy Schedule I, Debtors indicate that their monthly payroll deductions include $2,203.41 for payroll taxes and social security. Debtors' amended Schedule I, attached as an exhibit to their response to the UST's motion to dismiss, shows monthly deductions for payroll taxes and social security in the lesser amount of $1,882.60. Debtors indicate that they intend to reaffirm the mortgage debt secured by their home.

As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Debtors also completed and filed with their petition Official Form B22A, Statement of Current Monthly Income and Means Test Calculation. 11 U.S.C. § 707(b)(2)(C). They report total current monthly income ("CMI"), as that term is defined in 11 U.S.C. § 101(10A), in the amount of $6,818.39, which is above the median family income for a family of three in Ohio on an annualized basis. Debtors' means test calculation involves deductions totaling $6,849.93. Their total deductions include deductions for payroll taxes on Line 25 in the amount of $2,203.41. [Doc. # 1, Form B22A, p. 3]. Debtors report monthly disposable income on Line 50 in the amount of negative $31.54. They therefore indicate that a presumption of abuse under § 707(b)(2) does not arise.

The United States Trustee ("UST") disagrees, arguing that Debtors overstate their payroll taxes on Line 25 of the means test form and, if properly calculated, there is a presumption of abuse. In support of his position, the UST offers the testimony of bankruptcy analyst Catherine Lowman. Lowman testified that Debtors' payroll taxes are properly determined through a two-step calculation. First, Debtors' current monthly income of $6,818 is multiplied by 14.65%, which is the total of 6.2% in social security taxes, 1.45% in medicare taxes, 5% in Ohio income taxes, and 2% in municipal income taxes, yielding taxes in the amount of $998.[1] Second, this figure is added to Debtors' federal monthly income tax liability, which Lowman calculates at $498, for a total monthly tax expense of $1,496. This calculation is based on Debtors' 2006 federal income tax liability of $5,981 ($5,981 ÷ 12 = $498). Lowman testified that Debtors' 2006 tax liability is a good indicator of their current average monthly income tax liability since there is no indication that their filing status, dependent exemption or child tax credit will change in the near future. In addition, since Debtors intend to reaffirm their mortgage debt, they will be able to continue to itemize deductions on their federal income tax return, taking advantage of deductions for, among other things, their mortgage interest.

Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtors' financial situation demonstrates abuse, because the court agrees that a presumption of abuse arises in this

---

[1] Lowman testified that 5% is the highest tax rate paid by Ohio taxpayers with income in the amount of Debtors' income and that Debtors actually pay slightly less than 2% in municipal income taxes.

case, it does not address the § 707(b)(3) argument.

## LAW AND ANALYSIS

As amended by BAPCPA, § 707(b)(1) provides that the court, after notice and a hearing, "may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts ... if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." Section 707(b)(2)(A) sets forth an extensive "means test" calculation to determine whether there is a presumption of abuse. The means test calculation requires a debtor to subtract certain allowed deductions from the debtor's CMI. A presumption of abuse exists if the resulting amount, multiplied by sixty, is not less than the lesser of

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
> (II) $10,000.

11 U.S.C. § 707(b)(2)(A)(i). Where the means test calculation results in sufficient disposable income such that a presumption of abuse arises, a debtor may rebut that presumption by demonstrating "special circumstances" as set forth in § 707(b)(2)(B).

Section 707(b)(2)(A)(ii) sets forth permissible deductions from current monthly income to determine whether a presumption of abuse arises. That section provides in relevant part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides. . . .

11 U.S.C. § 707(b)(2)(A)(ii)(I). The UST does not dispute that Debtors are entitled to a deduction from current monthly income for current tax expenses as a permitted Other Necessary Expense under § 707(b)(2)(A)(ii)(I).[2] Form B22A contains such a deduction, for purposes of applying the means test, on Line 25. The narrow issue in this case is how the amount for taxes to be included on Line 25 should be calculated. Debtors included on Line 25 the amounts deducted monthly from their pay for taxes, using the same combined number reported on Line 4a of their Schedule I for payroll deductions for "Payroll taxes and social security." The UST contends that this amount is overstated, as demonstrated by Lowman's analysis.

---

[2]The categories of Other Necessary Expenses specified by the Internal Revenue Service are found in section 5.15.1.10 of the Internal Revenue Manual ("IRM"). *In re Barraza,* 346 B.R. 724, 730 (Bankr. N.D. Texas 2006). The IRM states that taxes are a necessary expense if "[i]t is for current federal, FICA, Medicare, state and local taxes." IRM § 5.15.1.10 [chart].

3

The court credits Lowman's unrebutted testimony regarding the proper calculation of Debtors' payroll tax expense on Line 25 of the means test form. Debtors' stated payroll tax expense of $2,203 on Line 25 of the means test form is overstated by $707, apparently due to Debtors reporting the amount withheld from their pay rather than their actual tax liability. As § 707(b)(2)(A)(ii)(I) specifies, the Other Necessary Expense category permits deduction of "actual" expenses. Income tax withholding is not the same as actual tax liability, and can be manipulated by taxpayers to produce excess withholding and a refund. Adding the $707 amount by which the Line 25 deduction is overstated to Debtors' reported monthly disposable income of negative $31.54 results in monthly disposable income of $675.46, or $40,527.60 over a sixty-month period. Thus, a presumption of abuse arises.

Moreover, even if the court considers the total payroll tax deduction of $1,882 as set forth in Debtors' proposed amended Schedule I, their Line 25 deduction on the means test is still overstated by $321. This amount added to the negative $31.54 monthly disposable income reported on the means test results in monthly disposable income of $289.46, or $17,367.60 over a sixty-month period.

In light of these calculations, pursuant to § 707(b)(2)(A)(i), there is a presumption that granting Debtors a discharge would be an abuse of the provisions of Chapter 7. Debtors have not demonstrated that special circumstances exist that rebut that presumption.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(3) [Doc. # 24] be, and hereby is, **GRANTED**. Debtors are allowed thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case or the case will be dismissed by separate order of the court.